UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Plaintiff,

v.                                                     Case No. 1:21-cv-162

SEARS, ROEBUCK, AND CO.

    Defendant.

**COMPLAINT**

Plaintiff American Family Mutual Insurance Company, S.I., for its complaint against defendant Sears, Roebuck, and Company, states:

**PARTIES**

1. Plaintiff American Family Mutual Insurance Company, S.I., ("American Family") is a corporation incorporated in the State of Wisconsin, with its principal place of business located at 6000 American Parkway, Madison, Wisconsin.

2. Defendant Sears, Roebuck, and Company, ("Sears") is a corporation incorporated in the State of New York, with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois. Its registered agent for service of process in the State of Indiana is CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana.

**JURISDICTION AND VENUE**

3. The amount in controversy is $89,912.75.

4. This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because the plaintiff is a citizen of a state (incorporated and headquarters in Wisconsin) diverse from the state in which the defendant is incorporated (New York) and the defendant's principal place of business (Illinois).

5. This court has personal jurisdiction over the defendant because it has purposefully availed itself to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in the State of Indiana. Sears conducts a substantial amount of business in the State of Indiana.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the acts giving rise to the action, and the damages sustained by the plaintiff, occurred in Marion County, Indiana.

## FACTS

7. Nila Richmond ("Richmond"), not a party to this lawsuit, owns and resides at the house located at 1330 Mutz Drive, Indianapolis, Indiana ("the Richmond house").

8. On December 4, 2019, Richmond noticed that her furnace was no longer working and called Sears to request a service technician repair the furnace.

9. In response, Sears sent a service technician to the Richmond house. The technician replaced the capacitors of both the furnace and the condensing unit outside of her home.

10. After the repairs were made and prior to the technician leaving, Richmond told the technician that she smelled something burning. The technician responded that the smell was normal and left.

11. What Richmond was smelling, and the reason the furnace was the furnace's blower motor The blower motor was burning because the service technician had replaced the capacitor with

one that had a capacitance that was too low for the blower motor. Thus, not only had the service technician failed to repair the furnace, and disregarded the comment from Richmond regarding the smell, but he affirmatively advised Richmond that the smell "was normal," and there was nothing to worry about.

12. Later the same day, Richmond noticed that there was smoke and fire emanating from the furnace that the Sears service technician had worked on earlier that day. The fire department was called to extinguish the fire.

13. The direct fire damage was limited to the furnace and its immediate vicinity; however, there was extensive smoke damage throughout the house.

14. At the time of the fire, American Family had issued to Richmond, and there was in full force and effect, a policy of insurance that insured Richmond against the damages caused by the fire. Pursuant to, and as required by, its policy of insurance, American Family paid to, or on behalf of, Richmond for the damages caused by the fire, and is subrogated to the rights of Faul to the extent of its payments.

## **FIRST CAUSE OF ACTION: NEGLIGENCE**

15. American Family incorporates herein by reference the preceding paragraphs.

16. Sears had a duty to properly inspect, diagnose, and repair the issues with Richmond's furnace before returning it to service.

17. Sears breached its duty to Richmond in the following ways:

    (a) It failed to properly diagnose the issues with the Richmond's furnace.

    (b) It failed to properly inspect, repair, and/or replace the blower motor prior to placing the furnace back into service.

    (c) It failed to use reasonable care when it replaced the capacitors and condensing unit by replacing the capacitor with one whose capacitance was below its intended rating.

    (d) It failed to use reasonable care when it did not respond to Richmond's warning that there was a smell of burning after repairs were made.

18. Sears breach of its duty was the cause of the fire and resulting damages paid by American Family.

Wherefore, American Family demands judgment against Sears as follows:

(A) An amount equal to the the damages caused by the fire;

(B) Prejudgment and post-judgment interest;

(C) All taxable costs and fees permitted by law; and

(D) All other just and equitable relief.

Dated: January 20, 2021

                                                      RON HARMEYER LAW OFFICE LLC
Attorneys for American Family Mutual Insurance Company

*s/ Ronald W. Harmeyer*

_____
By: Ronald W. Harmeyer

330 E. Kilbourn Ave., Suite 1070
Milwaukee, WI 53202
Tel. (414) 316-2500
Fax (414) 755-7081
rharmeyer@ronharmeyerlaw.com